**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4026**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRIAN A. BEHRENS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:13-cr-00019-FPS-JES-1)

———————

Submitted: July 28, 2014        Decided: August 18, 2014

———————

Before WILKINSON, SHEDD, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia; Kristen S. Leddy, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Stephen L. Vogrin, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian A. Behrens was convicted by a jury of being a prohibited person in possession of a firearm, 18 U.S.C. § 922(g)(1) (2012), and sentenced to 27 months' imprisonment. He appeals, arguing that the district court erred in denying his motion to suppress in which Behrens claimed that both the stop of his vehicle, and the subsequent search thereof, violated his Fourth Amendment rights. Behrens also claims that the district court erred in denying his motions for new trial and to interview jurors based on his discovery that one of the jurors was a childhood friend of the son of Behrens' longtime girlfriend. Finding no error, we affirm.

We review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo. United States v. Burgess, 684 F.3d 445, 452 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012). When a suppression motion has been denied by the district court, this court construes the evidence in the light most favorable to the Government. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). We also defer to the district court's credibility findings. United States v. Griffin, 589 F.3d 148, 150-51 n.1 (4th Cir. 2009).

A vehicle stop is permissible if the officer has probable cause to believe a traffic violation has occurred,

2

_Whren v. United States_, 517 U.S. 806, 809-10 (1996), or has a reasonable suspicion of unlawful conduct, regardless of the officer's subjective motivations, _Terry v. Ohio_, 392 U.S. 1, 20-22 (1968). Here, it is undisputed that the automobile driven by Behrens had an expired inspection sticker.

Behrens' reliance on _United States v. Gaines_, 668 F.3d 170 (4th Cir. 2012), is misplaced. In _Gaines_, the Government appealed from a district court order granting Gaines' motion to suppress. The Government conceded on appeal that the traffic stop and subsequent pat down were unlawful based on the district court's factual finding that "the officers could not have seen the very slight crack in the lower right portion of the [automobile's] windshield." _Id._ at 172. In reaching that conclusion, the district court specifically declined to credit the testimony of the arresting officers. Here, by contrast, the district court credited the Government's version of the events, including Officer Haines's testimony that he had seen the expired inspection sticker before stopping Behrens. Therefore we find that the district court did not err in finding that the traffic stop was valid.

Subsequent to a valid stop, an officer "may conduct a protective search of the passenger compartment of a lawfully stopped automobile where the 'officer possesses a reasonable belief based on specific and articulable facts which, taken

together with the rational inferences from those facts, reasonably warrant the officer in believing that [a] suspect is dangerous <u>and the suspect may gain immediate control of weapons'</u> within the vehicle." <u>United States v. Holmes</u>, 376 F.3d 270, 276 (4th Cir. 2004) (quoting <u>Michigan v. Long</u>, 463 U.S. 1032, 1049 (1983)). We find that the evidence supported the district court's conclusion that Officer Haines had a reasonable belief that Behrens was armed and potentially dangerous. Accordingly, we affirm the denial of Behren's motion to suppress.

Next, Behrens challenges the district court's denial of two post-trial motions—one for a new trial alleging juror misconduct and one to interview trial jurors. Both motions were based on Behrens' assertion that one of the jurors—Michael Snyder—failed to disclose during voir dire that he knew, and at one time had a close relationship with, the son of one of the witnesses who testified for Behrens, Danielle Keith. Keith was Behrens' long-time girlfriend. Behrens argues that, because of the potential bias against him based on prior personal knowledge, he would have had cause to strike Snyder had he known of the relationship with Keith's son. He also argues that he should have been given the opportunity to ascertain whether Snyder shared this information with any other member of the jury.

We review both the denial of a motion for new trial, as well as the denial of a post-trial request to interview jurors, under an abuse of discretion standard. United States v. Bartko, 728 F.3d 327, 334 (4th Cir. 2013); United States v. Gravely, 840 F.2d 1156, 1159 (4th Cir. 1988).

In order to obtain a new trial based on juror deceit (either intentional or unintentional) a defendant "must first demonstrate that a juror failed to answer honestly a material question . . . and then further show that a correct response would have provided a valid basis for a challenge for cause." McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (2005). In addition, "a showing that a juror was actually biased, regardless of whether the juror was truthful or deceitful, can also entitle a defendant to a new trial." Jones v. Cooper, 311 F.3d 306, 310 (4th Cir. 2002).

As the district court noted, there is no evidence that Snyder dishonestly answered questions during voir dire as both Keith and her son now go by a different last name and Behrens failed to identify the time period when Snyder and her son were friends. Moreover, there is no evidence that Snyder's relationship with Keith's son (or with Keith) was anything other than congenial. Because Behrens' allegations of bias are purely speculative, we find no abuse of discretion by the district

5

court in denying Behrens' motion for a new trial or his motion to interview the jurors for potential bias.

Based on the foregoing, we affirm Behrens' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED